SAMUEL, Judge.
The two litigants entered into a written contract under which, for the stipulated price of $199.50, plaintiff was to receive a correspondence course designed to prepare him for the taking of a civil service examination. The contract provided for a course of study consisting of 50 or more lessons and, if necessary, for further training until such time as plaintiff secured an appointment. It did not guarantee a position and plaintiff bound himself to follow instructions and to study diligently.
Plaintiff received the first lesson together with a test to be taken by him and returned to the defendant for grading before he was to receive the second lesson. He did not do the required work nor did he take the test. Instead, he returned all of the materials unused and in the same condition in which they had been received. Thereafter he did not contact the defendant or give the latter any information of any kind. No other lessons were mailed to him.
Plaintiff made one payment of $10.00 shortly after the contract date and defendant sent several letters demanding payment of the balance of $189.50 to no avail. Defendant then turned the matter over to a New Orleans collection agency. That agency sent the plaintiff a document which his petition alleges was deceptive and misled him into the mistaken belief that he was being sued for the balance due. Allegedly under this mistaken belief, plaintiff paid the balance approximately 5 or 6 months after the signing of the contract.
Plaintiff later instituted this suit for the full amount of $199.50 paid by him to the defendant. The trial court rendered judgment in favor of plaintiff as prayed and defendant has appealed.
In this court plaintiff contends that the judgment in his favor is correct for the following reasons: (1) in forwarding only one lesson the defendant failed to perform his obligation under the contract; (2) defendant’s agent misrepresented the con *496 tract to plaintiff at the time of the signing thereof; and (3) the deceptively legal and judicial appearing form used in collecting the balance of $189.50 was illegal and constituted a practice condemned by the law. We are unable to agree with the contention.
The record reveals quite clearly that plaintiff not only refused to continue the correspondence course but actually refused to prepare even the first lesson and had no desire to receive, and no intention to study, any further lessons. Under these circumstances it would have been a vain and useless thing for the defendant to forward additional lessons. Nor does the record, which consists of the testimony of only two witnesses, reveal any misrepresentation whatsoever on the part of the defendant’s agent.
Plaintiff refers us to 9 LSA-R.S. 14:353, which makes the use of documents simulating official court papers a misdemeanor punishable by fine and imprisonment. While the document mailed by the collection agency to the plaintiff in the instant case is entitled “Collection-Proceedings” and appears to be in violation of the statute, the fact is that the plaintiff did owe the $189.50 sought to be collected thereby and, whatever rights he may have had in tort to collect damages (other than the reimbursement he seeks) actually incurred as a result of the use of the illegal document, he cannot recover what he has paid in settlement of a legitimate debt. The debt has been satisfied and he has suffered no damage by reason of his payment of the same.
Ordinarily, upon the refusal of a student to continue the course and to pay the balance of the tuition due, the measure of damages to a correspondence school is the balance of the tuition (see LaSalle Extension University v. Thibodeaux, La.App. 155 So. 53) and we are unable to find anything in the instant case which takes it out of this ordinary rule.
For the reasons assigned, the judgment appealed from is annulled, avoided and reversed and it is now ordered that there be judgment in favor of the defendant, Grady Rushing, d/b/a Marcel Company, and against the plaintiff, Rosney Vead, dismissing the latter’s suit; all costs in both courts to be paid by plaintiff-appellee.
Reversed and rendered.